UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GERALD ALAN BENEDICT,

    Defendant.
_____/

Case No. 1:20-cr-145

HON. JANE M. BECKERING

**OPINION AND ORDER**

Now pending before the Court is Defendant Gerald Alan Benedict's pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 39). For the following reasons, the Court denies the motion.[1]

### I. BACKGROUND

In 2011, United States District Judge Janet T. Neff sentenced Defendant in two separate federal cases involving child pornography (Pre-Sentence Report [PSR, ECF No. 28, filed under restricted access] ¶ 13). Judge Neff sentenced him to sixty months in each case, to be served consecutively (*id.*). Defendant was released from custody in March 2019 (*id.*).

In the case at bar, Defendant pleaded guilty in 2020 to Possession of Child Pornography (Pre-Sentence Report [PSR, ECF No. 28, filed under restricted access] ¶¶ 2 & 8). Defendant's criminal history score subtotal was 3, and he was given two additional points for "commit[ing] the

---

[1] Federal Rule of Criminal Procedure 43 requires that a defendant be present at "sentencing," *see* Rule 43(a)(3), but excludes from that requirement a proceeding that "involves the correction or reduction of sentence under … 18 U.S.C. § 3582(c)," Rule 43(b)(4).

instant offense while under a criminal justice sentence for the sentences imposed on September 29, 2011," which made Defendant's total criminal history score five (*id.* ¶¶ 58–59). The criminal history score of five established a criminal history category of III (*id.* ¶ 59). The presentence report author scored Defendant's total offense level at 28 (*id.* ¶ 52). Based on a total offense level of 28 and a criminal history category of III, the author calculated the guideline imprisonment range as 97 to 121 months (*id.* ¶ 106). However, because of Defendant's prior child pornography convictions, Defendant faced a ten-year mandatory minimum sentence. 18 U.S.C. § 2252A(b)(2). Consequently, the author concluded that Defendant's guideline range "becomes 120 to 121 months," because "the statutorily required minimum sentence of 10 years is greater than the minimum of the applicable guideline range" (*id.*, citing United States Sentencing Guideline (U.S.S.G.) § 5G1.1(c)).

At sentencing on February 11, 2021, Judge Neff disagreed with the scoring of U.S.S.G. § 2G2.2(b)(6), which enhances the offense level when a computer is used to commit the offense (Sent. Tr., ECF No. 43 at PageID.176). Judge Neff indicated that, "as a matter of policy," she does "not score the two offense levels for use of a computer because, as I have said many times in the past in child pornography cases, … I have never seen a child pornography case that did not involve the use of a computer" (*id.*). With that adjustment, Defendant's offense level became 26, which, with his criminal history category III, resulted in a guideline imprisonment range of 78 to 97 months (*id.*). Because of the ten-year mandatory minimum sentence, 120 months therefore became the guideline range, as Judge Neff indicated on the record (*id.* at PageID.176–177, 188, 190–91). Judge Neff sentenced Defendant to 144 months' imprisonment, to be followed by five years' supervised release (Minutes, ECF No. 33; Judgment of Sentence, ECF No. 34). Judge Neff observed that Defendant had completed sex offender treatment on supervision and had "stable

employment" when he "got out of custody" (Sent. Tr., ECF No. 43 at PageID.178). Judge Neff determined that the upward variance from the mandatory minimum was necessary because Defendant had nonetheless returned to the same criminal conduct (*id.* at PageID.190–191).

After Defendant's sentencing, in August 2023, the United States Sentencing Commission submitted to Congress proposed changes to the federal sentencing guidelines, including Amendment 821, which would have retroactive effect. On November 1, 2023, when Congress failed to modify or reject Amendment 821, it became effective. Part A of Amendment 821 limits the criminal history impact of "Status Points" in Sentencing Guidelines § 4A. U.S.S.G. § 4A1.1. Part B of Amendment 821 permits a two-level reduction for defendants without any criminal history points from § 4A and an instant offense without specified aggravating factors. U.S.S.G. § 4C1.1.

Defendant filed his motion at bar on November 4, 2024, seeking retroactive application of Amendment 821 to the Court's Judgment of Sentence (ECF No. 39). On November 5, 2024, this case was reassigned to the undersigned (Notice, ECF No. 41). Pursuant to this Court's Order (ECF No. 42), the Probation Office prepared a Sentence Modification Report (SMR), which was filed under restricted access on January 15, 2025 (ECF No. 44). This Court also appointed Defendant counsel, who filed a "reply" to the Sentence Modification Report on February 4, 2025 (ECF No. 45). On February 25, 2025, the government filed a response in opposition to Defendant's motion (ECF No. 46).

## II. ANALYSIS

### A. Motion Standard

A "court may not modify a term of imprisonment once it has been imposed except … in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing

range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 3582(c) establishes a "two-step inquiry." *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020) (quoting *Dillon v. United States*, 560 U.S. 817, 826–27 (2010)). First, a court must "determine that a reduction is consistent with [United States Sentencing Guideline (U.S.S.G.)] § 1B1.10," *id.*, which provides in pertinent part the following:

> In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

U.S.S.G. § 1B1.10(a)(1).

Second, the court must "consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)[.]" *Jones, supra*. The § 3553(a) factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable sentencing guidelines range; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a).

"[C]ourts need not issue a written opinion engaging in a point-by-point rebuttal of every argument for every sentence-modification motion; [r]ather, they can rely on their 'professional

judgment' about the amount of information they need to include in an order." *United States v. Davis-Malone*, 128 F.4th 829, 834 (6th Cir. 2025) (citing *Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018), and *United States v. Goodwin*, 87 F.4th 321, 327 (6th Cir. 2023)).

## B. Discussion

Defendant's motion implicates Part A of Amendment 821. Defendant argues that his sentence should be reduced because his presentence report included "Status Points" in the calculation of his criminal history score (ECF No. 39 at PageID.163). The author of the Sentence Modification Report posits that a reduction of Defendant's sentence is not consistent with the policy statements of the United States Sentencing Commission because the "[n]ew calculation does not result in a lower guideline range" and the "[s]tatutory mandatory minimum controls the case" (ECF No. 44 at PageID.200). The government agrees, contending that "[t]en years was the guideline range that the district court used when it determined his original sentence" and "[t]en years would be the applicable guideline range now" (ECF No. 46 at PageID.211). However, defense counsel argues that Defendant's guideline range changed, albeit very modestly, from 120–121 months' imprisonment to 120 months' imprisonment (ECF No. 45 at PageID.201).

Under Sixth Circuit case law, a defendant's applicable guideline range is "the range that was applicable to him under the Guidelines; not the range, if any, upon which his sentence was ultimately based." *United States v. Smith*, 655 F. App'x 376, 380 (6th Cir. 2016) (quoting *United States v. Garrett*, 758 F.3d 749, 753 (6th Cir. 2014), and citing *United States v. Pembrook*, 609 F.3d 381, 387 (6th Cir. 2010)). Hence, Defendant's applicable guideline range is the range produced under the Guidelines' sentencing table *before* Judge Neff's policy-based decision. As the Sixth Circuit has explained, "[d]epartures and variances may be discretionary, but the 'applicable guideline range' is not. It 'does not vary from one court to another,' and 'certainly

5

cannot be changed by a policy disagreement with the Guidelines.'" *Id.* at 381 (citations omitted). Accordingly, Defendant is eligible for a sentence reduction because application of the Amendment has the effect of lowering his guideline range from 120–121 months to the statutory mandatory minimum of 120 months.

However, under the § 3553 factors, no reduction is warranted in this case. The government points out that Judge Neff believed the incremental increase in Defendant's punishment was necessary because, "within a year of his release, he was reoffending and engaging in the same conduct" (ECF No. 46 at PageID.211). In support of a reduction, Defendant highlights his employment history and the completion of drug education and abuse programming as well as other coursework, although he concedes that he is on the waiting list for the sex-offender program (ECF No. 45 at PageID.205). The Court determines that the reasons Judge Neff provided for her sentence remain true today. Defendant's current sentence remains sufficient, yet not greater than necessary, to meet the goals of sentencing. In particular, the sentence reflects the history and characteristics of Defendant, provides just punishment, and affords adequate deterrence to future criminal conduct. In sum, the relevant § 3553(a) factors do not support a reduction pursuant to Amendment 821. Therefore:

**IT IS HEREBY ORDERED** that Defendant's pro se motion for modification or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) (Guideline Amendment No. 821) (ECF No. 39) is DENIED.

Dated:  March 7, 2025

/s/ Jane M. Beckering
JANE M. BECKERING
United States District Judge